RUTLAND COUNTY NATIONAL BANK *v.* CARL SWYER.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Fenton, Wing & Morse* for the plaintiff.

*Vernon J. Loveland* for the defendant.

BUTTLES, J. This is an action in general assumpsit on the common counts with a specification which represented that the plaintiff would seek to recover only on a certain promissory note signed by the defendant and payable to the plaintiff, a copy of the note being set forth in the specification. After trial by the County Court on the merits had been partly completed the plaintiff moved to be allowed to amend his specification by deleting therefrom the copy of the note set forth and substituting in lieu thereof a copy of a note for a different amount and a shorter term having a different date and a different due date. The plaintiff did not claim merely that it had misdescribed the note intended to be sued upon but that there actually were two notes and that by mistake the specification had been made to describe the one upon which it was not intended to sue. Upon exception to the denial of its motion the plaintiff comes

to this Court before final judgment under the provisions of P. L. 2072.

In denying the motion the trial court stated that it ruled both as a matter of law and as a matter of discretion. The plaintiff takes the position that the ruling was erroneous as a matter of law and that the court had no discretion. It makes no claim of an abuse of discretion.

■ That this Court has repeatedly held, as urged by the plaintiff, that the specifications are no part of the plaintiff's declaration in respect to subsequent pleadings is, in our judgment, of no significance in this case, inasmuch as we have also held that ordinarily the allowance of amendments to specifications rests in the discretion of the court. *Lewis* v. *Jewett,* 51 Vt 378, 382; *Greenwood* v. *Smith,* 45 Vt 37, 40; *Congdon v. Torrey,* 95 Vt 38, 41, 112 A 202.

Nothing is called to our attention and we perceive nothing that would serve to take this case out of that general rule. Indeed the fact that the allowance of the proposed amendment would have compelled the defendant to defend against an entirely different note than the one of which he had had notice strongly suggests that it was a proper case for the exercise of the court's discretion.

■ The plaintiff contends that in the Lewis and Greenwood cases, *supra,* the holding above referred to was pure *dicta* which was inconsistent with the result reached in those cases. In *Aseltine* v. *Perry,* 75 Vt 208, 54 A 190, it is said that the specifications may be amended as the case develops, and though not amended in terms, it may be treated as amended, if the course of the trial has been such as to permit it to be so treated. In that case it was held that the claim of the plaintiff and the course of the trial had been such that the specification could not be treated as amended by implication. But in the Greenwood and Lewis cases the course of the trial had been such as to warrant treating the specification as so amended. In both of these cases evidence had been received by the Court and by the referee, apparently without objection, which supported the amended specification. We find in the present case no inconsistency with the statement that ordinarily a proposal for amendment of a specification rests in the discretion of the court. A similar situation as to amendment by implication existed in *Bates* v. *Quinn,* 56 Vt 49. In the present case nothing appears as to the course of the trial upon which a claim of amendment by implication could be based.

The injustice that might result from such a rule as that for which the plaintiff contends is apparent. If a plaintiff disposed to sharp practice could amend as a matter of right, he might deceive his opponent by a false specification and later, perhaps during the trial, surprise him with an amended specification and thereby place the opponent at a serious disadvantage.

The court's ruling was properly a matter of discretion, and since no claim is made of abuse of discretion the result must be:

*Judgment affirmed and cause remanded.*